IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTATE OF TROY BULLOCK** : <br> **Through Personal Representative** : <br> **DANYELL BULLOCK** : <br> 706 Atlantic Street SE : <br> Washington, D.C. 20032 : <br> : <br> *Plaintiff*, : <br> : <br> v. : <br> : <br> : | Civil Action No.: |
| **UNITED STATES OF AMERICA** : <br> SERVE: Jeanine Pirro, United States : <br> Attorney for the District of Columbia : <br> 601 D Street NW Washington, D.C. 20530, : <br> And Pam Bondi, Attorney General of the : <br> United States : <br> U.S. Department of Justice : <br> 950 Pennsylvania Avenue NW : <br> Washington, D.C. 20530, : <br> : <br> **THE FEDERAL BUREAU OF** : <br> **INVESTIGATION (FBI)** : <br> SERVE: Kash Patel, Director : <br> Federal Bureau of Investigation : <br> 935 Pennsylvania Avenue NW : <br> Washington, D.C. 20535 : <br> : <br> And : <br> : <br> **FBI AGENT JOHN DOE** : <br> : <br> *Defendants*. : <br> : | |

## COMPLAINT

COMES NOW the Plaintiff, the Estate of Troy Bullock, through personal representative, Danyell Bullock, through Counsel, files this Complaint against Defendants the United States of America, The Federal Bureau of Investigation, and FBI Agent John Doe pursuant to  pursuant to

1

the Constitution of the United States of America and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, for personal injuries and death caused by the negligent, grossly negligent, unconstitutional, and wrongful acts and/or omissions of Defendants acting within the scope of their employment. In support thereof, Plaintiffs state as follows:

## INTRODUCTION

1. This is an action arising from a violation of civil rights, use of excessive force, an assault and battery, and an unreasonable search and seizure of Troy Bullock that resulted in his death at the hands of a federal law enforcement agent.

2. On or about December 7, 2022, Troy Bullock ("Mr. Bullock"), a twenty-eight (28) year old African American male was lawfully waiting at the Metro Center Station in Washington, D.C for an oncoming subway cart when he was approached by an unidentified FBI Agent, named herein as FBI Agent John Doe, regarding Mr. Bullock's conduct while waiting for the oncoming subway train.

3. FBI Agent John Doe initiated a physical altercation and pushed Troy Bullock which began a physical altercation between the parties in which both individuals fell over the Metro Center subway platform. Both individuals fell approximately seven feet and eleven inches to a maintenance access walkway below the platform. At that time the unidentified FBI Agent discharged his firearm striking Troy Bullock. Mr. Bullock was pronounced deceased at the scene as a result of the injuries sustained from the gunshot.

4. This action seeks redress against the Federal Bureau of Investigations and FBI Agent John Doe under 42 U.S.C. § 1983 and the FTCA for the unlawful seizure and use of excessive force against Troy Bullock, which resulted in his death, and for the misconduct of FBI Agent John Doe.

5. Troy Bullock was unlawfully searched, seized, and the victim of excessive force throughout his encounter with the unidentified FBI Agent John Doe. This cause of action seeks redress for Troy Bullock's death and FBI Agent John Doe's misconduct.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), which confers exclusive jurisdiction on the United States District Courts for civil actions on claims against the United States for money damages for injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.

7. This Court also has jurisdiction under 28 U.S.C. § 1331, as the action arises under federal law, specifically 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution, regarding the deprivation of the civil rights of the late Troy Bullock.

8. Venue is proper in this Court pursuant to 28 U.S.C. 1402(b) and § 1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in the District of Columbia, and the Defendants are federal and municipal entities and employees whose actions and employment are based in this district.

## PARTIES

9. The Plaintiff, Estate of Troy Bullock (herein after the "Estate" or "Plaintiff"), represents Troy Bullock, who at the time of his death was a person of the full age of majority, is a citizen of the United States and resident of the District of Columbia. Troy Bullock was the victim of a deadly assault that occurred in the District of Columbia by the hands of FBI Agent John Doe. The Estate of Troy Nathaniel Bullock (Estate No.: 2024-ADM-001136) was administered on September 18, 2024.

10. The Plaintiff, Danyell Bullock is a person of the full age of majority, citizen of the United States and resident of the District of Columbia. The Plaintiff suffers from the loss of her son at the hands of Defendant, FBI Agent John Doe.

11. Defendant, United States of America, is sued under the FTCA for the acts and omissions of its employees, agents, and agencies, including the Federal Bureau of Investigation (FBI), acting within the scope of their federal employment.

12. Defendant, The Federal Bureau of Investigation (FBI), is an agency of the United States government and was, at all relevant times, the employer of Defendant FBI Agent John Doe.

13. Defendant, FBI Agent John Doe (hereinafter "FBI Agent John Doe"), was, at all relevant times, an agent of the Federal Bureau of Investigation. FBI Agent John Doe is the individual who inflicted the unwarranted assault and murder of Mr. Bullock leading to the Estate's filing of this Complaint.

## STATEMENT OF FACTS

14. The Estate alleges and supports by evidence facts against the Defendants herein that arise to the level of Fourth Amendment violations due to excessive force, wrongful death, gross negligence, assault and battery, that resulted in the murder of Troy Bullock; and corruption that was physically and emotionally traumatizing, and violate any sense of human dignity within the District of Columbia (the "District").

15. On or around December 7, 2022, at approximately 6:21 PM, Troy Bullock, a twenty-eight (28) year old African American male, was lawfully present on the south platform of the Metro Center Station, located at 665 11th Street NW, Washington, D.C.

16. While Mr. Bullock was at the station, he was approached by an unidentified federal agent, believed to be Defendant FBI Agent John Doe, regarding Mr. Bullock's conduct.

17. Without provocation or legal justification, FBI Agent John Doe initiated a physical altercation by pushing or shoving Mr. Bullock.

18. The force of the push caused both Mr. Bullock and Agent Doe to fall over a concrete railing on the platform.

19. Both men fell a distance of approximately seven feet and eleven inches, landing on a maintenance access walkway below the platform level.

20. While on the maintenance access walkway, FBI Agent John Doe discharged his agency-issued service pistol, striking Mr. Bullock.

21. As a direct result of the gunshot wound inflicted by FBI Agent John Doe, Mr. Bullock was rendered unconscious and was not breathing. DC Fire and Emergency Medical Services personnel arrived on the scene and attempted life-saving measures, which were ultimately unsuccessful.

22. Mr. Bullock was pronounced deceased at the scene by Doctor Holman. His death was a direct and proximate result of the actions of FBI Agent John Doe.

23. Throughout the encounter, Mr. Bullock was subjected to an unlawful seizure and the use of excessive and deadly force by FBI Agent John Doe.

24. The actions of FBI Agent John Doe were objectively unreasonable, unwarranted, and undertaken with a reckless disregard for Mr. Bullock's life and constitutional rights.

### COUNT I – ESTATE V. FBI AGENT JOHN DOE
*Bivens Action*
**Fourth Amendment – Excessive Force**

25. The Plaintiffs adopt and incorporate each and every allegation above as if fully stated herein.

26. At all times relevant hereto, Defendant FBI Agent John Doe was a person acting under color of federal law as an agent of the Federal Bureau of Investigation.

27. At all times relevant hereto, Troy Bullock had rights under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures and excessive force.

28. By unlawfully initiating a physical altercation, shoving Troy Bullock over a concrete railing, and subsequently discharging his firearm into Mr. Bullock without legal justification or immediate threat of serious bodily harm to the agent or others, Defendant FBI Agent John Doe violated Mr. Bullock's clearly established constitutional rights under the Fourth Amendment to be free from excessive force.

29. As alleged herein, all actions by Defendant FBI Agent John Doe were objectively unreasonable, excessive, and without any lawful justification or excuse.

30. The actions of Defendant FBI Agent John Doe, as alleged herein, give rise to a cause of action and civil remedy under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for damages resulting from the violation of Mr. Bullock's Fourth Amendment rights.

31. Defendant FBI Agent John Doe subjected Mr. Bullock to these deprivations of civil rights maliciously and with reckless disregard for, or with deliberate indifference to, whether Mr. Bullock's civil rights would be violated by his actions.

32. As a direct and proximate result of Defendant John Doe's acts and omissions alleged herein, Mr. Bullock suffered severe physical injuries leading to his death, conscious pain

and suffering, emotional distress, and other damages; and the Estate and next of kin have suffered and will continue to suffer profound damages.

## COUNT II – ESTATE V. UNITED STATES OF AMERICA
### Federal Tort Claims Act "FTCA" - Gross Negligence

33. The Plaintiffs adopt and incorporate each and every allegation above as if fully stated herein.

34. This claim is brought against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680 and 28 U.S.C. § 1346(b)(1). The FTCA provides a limited waiver of sovereign immunity, rendering the United States liable for the negligent or wrongful acts or omissions of its employees acting within the scope of their employment, "in the same manner and to the same extent as a private individual under like circumstances" in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 2674.

35. Under District of Columbia law, gross negligence is defined as an extreme departure from the ordinary standard of care or a failure to exercise even slight care that would shock fair-minded persons. *District of Columbia v. Walker*, 689 A.2d 40, 44 (D.C. 1997).

36. At all relevant times, the United States, by and through its employees, including FBI Agent John Doe, owed a duty to Troy Bullock to exercise reasonable care in the planning and execution of law enforcement activities.

37. The United States, by and through its employees, breached the duty of care owed to Troy Bullock by engaging in conduct that constituted a gross deviation from the standard of care required of reasonable law enforcement officers under similar circumstances. Specifically, FBI Agent John Doe:

7

    a. Employed unnecessary and excessive deadly force against Mr. Bullock by discharging a firearm at him, despite the absence of any immediate threat of serious bodily harm to the officer or others that would justify such force;

    b. Failed to de-escalate the situation or utilize less-lethal alternatives, instead initiating a physical altercation that created a dangerous and foreseeable risk of serious injury or death;

    c. Discharged a firearm at Mr. Bullock without conducting a proper assessment of the necessity or proportionality of such force under the circumstances.

38. These acts and omissions, individually and collectively, represent an extreme departure from the ordinary standard of care and constitute gross negligence under District of Columbia law.

39. The grossly negligent acts and omissions of FBI Agent John Doe, as described above, were the direct and proximate cause of the injuries and death suffered by Troy Bullock.

## COUNT III – ESTATE V. UNITED STATES OF AMERICA
**Federal Tort Claims Act "FTCA" - Ordinary Negligence**

40. The Plaintiffs adopt and incorporate each and every allegation above as if fully stated herein.

41. This claim is brought against the United States of America pursuant to the FTCA, 28 U.S.C. §§ 2671–2680 and 28 U.S.C. § 1346(b)(1), for money damages for personal injury and death caused by the negligent acts or omissions of federal employees acting within the scope of their employment.

42. Under District of Columbia law, law enforcement officers are required to exercise the degree of care that a reasonably prudent person would exercise under similar circumstances to avoid foreseeable harm to others. *District of Columbia v. Chinn*, 839

8

A.2d 701 (D.C. 2003). This duty includes the obligation to act reasonably and to refrain from the use of unnecessary or excessive force. *Etheredge v. District of Columbia*, 635 A.2d 908 (D.C. 1993).

43. The United States, by and through its employee, FBI Agent John Doe, breached the duty of reasonable care owed to Troy Bullock on December 7, 2022. The agent failed to act as a reasonably prudent law enforcement officer would have under similar circumstances, including but not limited to:

   a. Employing unnecessary and excessive force against Mr. Bullock by shoving him and subsequently discharging a firearm at him;

   b. Failing to de-escalate the situation or utilize less-lethal alternatives, contrary to established law enforcement protocols;

   c. Initiating a physical confrontation without justification, thereby escalating the risk to all parties involved.

44. These acts and omissions constitute a failure to exercise the degree of care that a reasonably prudent law enforcement officer would have exercised under similar circumstances and represent a breach of the duty of ordinary care owed to Mr. Bullock

45. As a direct and proximate result of the negligent acts and omissions of the United States, by and through its employee, Troy Bullock suffered severe physical injuries leading to his death, as well as conscious pain and suffering and emotional distress.

### COUNT IV – DANYELL BULLOCK V. UNITED STATES OF AMERICA
**Federal Tort Claims Act "FTCA" - Negligent Hiring, Training, and Supervision**

46. The Plaintiffs adopt and incorporate each and every allegation above as if fully stated herein.

47. Under District of Columbia law, an employer may be held liable for negligent hiring, training, or supervision where the employer knew or should have known that an employee was unfit or posed a danger to others, and the employer's failure to take appropriate action proximately caused injury. *Peyton v. District of Columbia*, 100 A.3d 539, 546 (D.C. 2014); *Brown v. Argenbright Sec., Inc.*, 782 A.2d 752, 759 (D.C. 2001).

48. Defendant United States, by and through the Federal Bureau of Investigation, owed a duty to the public, including Troy Bullock, to use reasonable care in the hiring, training, and supervision of its agents.

49. Upon information and belief, Defendant United States of America knew or should have known Agent Doe behaved in a dangerous or otherwise incompetent manner; and armed with that actual and/or constructive knowledge, failed to adequately supervise or train Agent Doe, and this failure proximately caused the Plaintiff's injury. *Peyton v. District of Columbia*, 100 A.3d 154, 162 (D.C. 2014).

50. Upon information and belief, Defendant United States breached its duty of care by failing to implement and enforce adequate policies and procedures for the hiring, training, and supervision of its agents, including but not limited to:

    a. Failing to adequately screen and vet candidates for employment as federal law enforcement agents;

    b. Failing to provide sufficient and effective training regarding the lawful use of force, de-escalation, and compliance with constitutional standards;

    c. Failing to supervise, monitor, and discipline agents to ensure compliance with established protocols and to address known or foreseeable risks of harm to civilians.

51. The failure to properly vet, train, and supervise its agents was a direct and proximate cause of the wrongful death of Mr. Bullock, as it enabled and failed to prevent the use of unnecessary and excessive force by Agent Doe.

### COUNT V – DANYELL BULLOCK V. UNITED STATES OF AMERICA
#### Federal Tort Claims Act "FTCA" - Wrongful Death

52. The Plaintiffs adopt and incorporate each and every allegation above as if fully stated herein.

53. This action is brought pursuant to the FTCA and the District of Columbia Wrongful Death Act, D.C. Code § 16-2701, which provides that when the death of a person is caused by the wrongful act, neglect, or default of another, the personal representative of the decedent may maintain an action for the exclusive benefit of the decedent's next of kin.

54. The wrongful, negligent, and grossly negligent acts and omissions of the United States, by and through its employee Agent John Doe, directly and proximately caused the death of Troy Bullock.

55. FBI Agent John Doe deprived Mr. Bullock of his life by using excessive and unreasonable force when he shot him without any justifiable reason to do so.

56. As a direct and proximate result of Mr. Bullock's wrongful death, his next of kin, including Plaintiff Danyell Bullock, have sustained pecuniary loss, mental anguish, emotional pain and suffering, and the loss of society, companionship, comfort, protection, and guidance.

57. This Complaint is timely filed within two (2) years after the death of Mr. Bullock, pursuant to D.C. Code § 16-2702.

### COUNT VI – ESTATE V. UNITED STATES OF AMERICA

**Federal Tort Claims Act "FTCA" - Survival Action**

58. The Plaintiffs adopt and incorporate each and every allegation above as if fully stated herein.

59. Plaintiff Danyell Bullock, as the personal representative of the Estate of Troy Bullock, brings this survival action pursuant to the FTCA and the District of Columbia Survival Statute, D.C. Code § 12-101.

60. As a direct and proximate result of the gross negligence and excessive force of the Defendant, for which Troy Bullock would have been able to maintain an action against the Defendant had he lived, Mr. Bullock sustained conscious pain and suffering prior to his death on December 7, 2022.

61. As a direct and proximate result of the wrongful acts and omissions of the United States, by and through its employee, Troy Bullock suffered severe physical injuries, conscious pain and suffering, emotional distress, and mental anguish prior to his death.

62. The Estate is entitled to recover damages for the conscious pain and suffering, mental anguish, and other pecuniary and non-pecuniary losses sustained by Troy Bullock prior to his death.

WHEREFORE, Plaintiffs, the Estate of Troy Bullock and Danyell Bullock, pray for judgment against Defendants, jointly and severally, and request the following relief:

a. Compensatory damages in an amount not less than $15,000,000.00, representing all pecuniary and non-pecuniary losses suffered by the Estate and next of kin, including but not limited to damages for wrongful death, conscious pain and suffering, emotional distress, and all other damages recoverable under applicable law as established at trial;

b. Punitive damages against Defendant FBI Agent John Doe, in an amount to be determined at trial, sufficient to punish his conduct and deter similar conduct in the future;

c. An award of all costs of this action and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and any other applicable statutes;

d. Such other and further relief as this Court deems just and proper.

Date: December 05, 2025                                       ESTATE OF TROY BULLOCK
By Counsel

/s/Andrew O. Clarke, Esquire
DC Bar No.: 1032649
DISTRICT LEGAL GROUP
163 Waterfront Street, Suite 440
National Harbor, MD 20745
T: (202) 780-9144
E: aclarke@districtlegalgroup.com
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff, through counsel, requests a trial by jury as to all counts so triable.

Respectfully Submitted,

/s/Andrew O. Clarke, Esquire
*Counsel for Plaintiff*